**ROBERT MARINELLI**
ATTORNEY
305 BROADWAY, SUITE 1001
NEW YORK, NEW YORK 10007
(212) 822-1427
Facsimile (212) 202-9646

May 25, 2016

**VIA ECF**
Hon. Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Cummins v. City of New York, et al.*, 15-CV-0096 (NG)(PK)

Your Honor:

I am one of the attorneys that represents plaintiff. I write, pursuant to Fed. R. Civ. P. 37(a)(3)(B), to move to compel defendants to answer interrogatories submitted under Rule 33 and documents requested under Rule 34. On April 15, 2016, plaintiff alerted defendants, via email and letter, about certain deficient productions. After having met and conferred, by both telephone and email, the parties have been unable to resolve these disputes. Plaintiff now seeks an Order compelling defendants to produce the following documents. Discovery is scheduled to close on June 1.

**Background**

Plaintiff alleges that on June 19, 2014 defendants James Berk and Steven Acevedo falsely arrested plaintiff for allegedly riding his bike on the sidewalk. Plaintiff alleges that in the course of this arrest, these defendants subjected plaintiff to excessive force, resulting in injuries about his face, including a broken nose.[1]

Once taken to the precinct plaintiff alleges that defendant Rejinder Singh ("Singh") unlawfully used a Conducted Energy Device ("C.E.D." or "Taser") on plaintiff.

---

[1] Plaintiff's face is permanently scarred as a result of this incident.

Though a deposition for Singh is scheduled for May 26, plaintiff has informed defendant that they wish a resolution to the instant application before deposing Singh.

**The Remaining Discovery**

Save for the disputes outlined in this motion, paper discovery is complete. Currently, defendant James Berk and Steven Acevedo are scheduled for deposition on May 31, 2016, [2] leaving only the deposition of Singh.

**The Documents in Dispute**

It has long been held that the Federal Rules of Civil Procedure authorize "extremely broad" discovery. See, e.g., Johnson v. Schmidt, No. CV-89-0531, 1992 WL 135237 at *2 (E.D.N.Y. May 28, 1992). The broad scope is underscored by the "overriding policy" favoring the disclosure of relevant information "in the interest of promoting the search for truth," and it is particularly favored in civil rights cases. See Steinberg v. Mount Sinai Med. Ctr., Inc., No. 12 Civ. 51 (SLT)(VMS), 2014 WL 1311572, at *6 (E.D.N.Y. Mar. 31, 2014); Bailey v. City of New York, No. 14 Civ. 2091 (JBW)(VMS), 2015 WL 4523196, at *3 (E.D.N.Y. July 27, 2015) ("The scope of discovery is particularly broad in a federal civil rights action."); King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (in a civil rights case, "the defendants' case for restricted disclosure must be extremely persuasive").

**Defendants' Failure to Adequately Respond to Document Request No. 5**

Plaintiff's Document Request No. 5 asks defendants to produce all photographs and other audio-visual materials documenting the incident. See Exhibit A (Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories and Requests for Production of Documents). Defendants have failed to produce color photos of the points of contact of the Taser on plaintiff's body. The damages sustained by plaintiff are central to his claims making these photographs discoverable. Accordingly, these photographs should be produced.

**Defendants' Failure to Adequately Respond to Document Request No. 10**

Plaintiff's Document Request No. 10 asks defendants to produce the NYPD Personnel records of the officers who witnessed, were present at, investigated, or had any knowledge of the incident, including records of all evaluations. See Exhibit A.

---

[2] If defendants wish to postpone Berk's and Acevedo's deposition pending the resolution of this motion, plaintiff consents.

Defendants have refused to provide the evaluations of Singh for 2011, 2012, 2013, and 2014. These documents are discoverable because the records may lead to evidence that is admissible under F.R.E. 404(b).

**<u>Defendants' Failure to Adequately Respond to Document Request No. 18</u>**

Plaintiff's Document Request No. 18 requests "[t]he disciplinary, medical, psychological, employment and personnel files, including but not limited to pre-employment investigation information, command files, early intervention monitoring records, interviews, memoranda, force monitoring records or files, CCRB monitoring records or files, and any other document contained in or made a part of the personnel records or other files wherever kept, of each defendant and each officer [who witnessed, was present at, investigated, or had any knowledge of the incident]." <u>See</u> Exhibit A.

During the parties meet-and-confer, plaintiff requested the following documents:

- Documents regarding Singh's Restricted Duty status, which was in place on June 19, 2014, the date of the incident. Restricted Duty Status indicates an illness or injury for more than 30 days and can limit the interaction permitted with prisoners. Accordingly, plaintiff is also entitled to documents sufficient to determine whether Singh's interaction with prisoners was limited on the day of the incident, and if so, the justification for this limitation.

- Documents regarding the removal of Singh's firearm and shield by the Commanding Officer of the Medical Division for the period of November 15, 2011 to May 4, 2012.

Defendants refuse to produce these documents claiming privacy interests, proportionality and relevance. Defendants also posit that Singh's Restricted Duty limitation and the removal of his firearm and shield were related to a medical issue requiring surgery. While this assertion may ultimately prove accurate, it seems odd that an officer would have his badge and gun removed due to illness.

Singh's modified duty assignments may have resulted from prior interactions with the public, and may lead to information regarding other incidents of excessive use of force or other misconduct. Moreover, producing these documents will not place any burden on defendants, who appear to already have the requested documents in their possession. Finally, these documents are will be governed by the

Confidentiality Stipulation enter by Your Honor on July 21, 2015 (see, Docket No 11).

**Defendants' Failure to Respond to Document Request No. 21**

Plaintiff's Document Request No. 21 asks defendants to produce documents concerning any training attended by officers who witnessed, were present at, investigated, or had any knowledge of the incident. See Exhibit A.

Plaintiff requests production of documents relating to Singh's training in the use of Tasers. Plaintiff is entitled to discover whether Singh was adequately trained in the use of Tasers, and whether he was aware of and followed appropriate protocol.

**Additional Missing Documents**

Defendants state that they are "continuing to look for" the following documents:

- The Prisoner Pen Holding Roster - this document is relevant as it may reveal witnesses to Singh's interaction with plaintiff, as well as plaintiff's physical condition.

- Documents relating to whether a defendant took time off due to a "line of duty" injury[3] as a result of this incident. Plaintiff seeks Witness Statements, an Aided Report, and any associated paperwork.

Plaintiff avers that defendants must produce these documents immediately. There has been more than adequate time to do so.

For the foregoing reasons, plaintiff seeks an order compelling defendants to supplement their discovery responses as outlined above.

        Yours truly,

        /ss/

        Robert Marinell

---

[3] This information has been sought both in written discovery and via discussion with defendants.

cc:

ACC Daniel M. Braun, NYC Law Department

-5-