UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
TYLER CUMMINS,

                            Plaintiff,

               -against-

CITY OF NEW YORK; Police Officer STEVEN ACEVEDO, Shield No. 16469, Police Officer JAMES BERK, Shield No. 2974, and Sergeant RAJINDER SINGH, Shield No. 4527, JOHN and JANE DOE 1 – 10; individually and in their official capacities,

                            Defendants.
------------------------------------------------------------------- x

15-CV-0096 (NG)(VVP)

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR ATTORNEY'S FEES AND COSTS

ROBERT MARINELLI, ESQ.
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427

*Attorney for Plaintiff*

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

THE COURSE OF THE LITIGATION .............................................................................. 3

ARGUMENT ....................................................................................................................... 4

   1) Plaintiff is a Prevailing Party Entitled to Costs, Including Reasonable Attorneys' Fees and the Instant Fee Application ............................................................................ 4

   2) The "Lodestar" Method of Determine a Reasonable Fee ....................................... 4

   3) The Hourly Rates Requested are Reasonable .......................................................... 5

      a) Mr. Marinelli's Hourly Rate ................................................................................ 6

      b) Mr. Saleem's Hourly Rate .................................................................................. 7

   4) The Time Expended By Plaintiff's Counsel Was Reasonable ............................... 8

   5) Plaintiff is Entitled to Recover Reasonable Out-of-Pocket Expenses ................ 11

CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

**CASES**

A.R. v NYC Dep't of Education, 407 F.3d 65 (2d Cir. 2005) ........................................... 6

Andrews v. City of New York, No. 14-CV-4845, 2015 WL 2237060 (E.D.N.Y, May 12, 2015) ........................................................................................................................ 7

Artemide Inc. v. Spero Elec. Corp., 2010 U.S. Dist. LEXIS 136870, 2010 WL 5452075 (EDNY. Nov. 23, 2010) ................................................................................ 7

Blount v. City of New York, 11-CV-0124 (BMC), 2011 WL8174137 (E.D.N.Y. Aug. 11, 2011) ........................................................................................................................ 7

Blum v. Stencon, 465 U.S. 886 (1984) ............................................................................ 5

City of Riverside v. Rivera, 477 U.S. 561 (1986) ........................................................... 3

Davis v. City of New Rochelle, 156 F.D.R. 549 (S.D.N.Y. 1994) ................................. 10

Davis, 156 F.R.D. 549, 561 (SDNY 1994) .................................................................... 11

Gagne v. Maher, 594 F.2d 336 (2d Cir. 1979), aff'd, 448 U.S. 122 (1980) .................. 10

Hensley v. Eckhart, 461 U.S. 424 (1983) ............................................................... 3, 4, 5, 9

LeBlanc-Sternberg, 143 F.3d 748 (2d Cir. 1998) .......................................................... 12

Luciano v. Osten Corp., 109 F3d 111 (2d Cir. 1997) ...................................................... 5

Natural Resources Defense Counsel, Inc. v Fox, 129 F. Supp. 2d 666 (SDNY 2001) 11

New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136 (2d Cir. 1983) 11

New York State Ass'ssn for Retarded Children v. Carey, 711 F.2d 1136 (2d Cir. 1983) ........................................................................................................................................ 9

Perdue v. Kenny A, 45 U.S., 130 S.Ct 1662 (2010) ........................................................ 5

Reed v. A.W. Lawrence & Co., 95 F.3d 1170 (2d Cir. 1996) ........................................ 11

Thorsen v. County of Nassau, No. 03 CV 1022, 2011 WL 1004862 (E.D.N.Y. Mar. 17, 2011) ..................................................................................................................7

Trichilo v. Secretary of Health and Human Services, 823 F.2d 702 (2d Cir. 1987), reaff'd and extended, 832 F.2d 743 (2d Cir. 1987) ........................................................11

U.S. Football League v. National Football League, 887 F.2d 408 (2d Cir. 1989) .........12

**CONSTITUTIONAL AND STATUTORY PROVISIONS**

42 U.S.C. §1988 ........................................................................................................ 2, 4, 12

Fed. R. Civ. P. 54(d) .........................................................................................................2, 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TYLER CUMMINS,

                        Plaintiff,

            -against-

CITY OF NEW YORK; Police Officer STEVEN ACEVEDO, Shield No. 16469, Police Officer JAMES BERK, Shield No. 2974, and Sergeant RAJINDER SINGH, Shield No. 4527, JOHN and JANE DOE 1 – 10; individually and in their official capacities,

                        Defendants.
------------------------------------------------------------------ x

15-CV-0096 (NG)(VVP)

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR ATTORNEY'S FEES AND COSTS

### INTRODUCTION

**Incident**

      Plaintiff Tyler Cummins ("Mr. Cummins") was referred to Robert Marinelli, Esq. shortly after his arrest on June 19, 2014. His arrest arose from an incident at which Mr. Cummins alleges that he was falsely arrested and later subjected to two instances of excessive force. The first of these incidents occurred as he was being placed in a police vehicle, the second after he arrived at the precinct. Plaintiff ultimately accepted an Adjournment in Contemplation of Dismissal to resolve his criminal charges.

1

**Procedural History of the Case**

Plaintiff commenced this action on January 8, 2015, by filing a Complaint in the Federal Court for the Eastern District of New York ("EDNY") for false arrest, excessive force, and related claims against New York City and Members of New York City Police Department ("NYPD"). On November 17, 2015 Afsaan Saleem ("Saleem") filed a Notice of Appearance as co-counsel in this matter (Mr. Marinelli and Mr. Saleem are collectively referred to as "Plaintiff's counsel").

Plaintiff accepted Defendants' Rule 68 Offer of Judgment on June 17, 2016. During this litigation, Plaintiff filed his complaint, propounded and responded to discovery requests, participated in four Court Conferences, made three motions to compel discovery, responded to Defendants' various claims of deficiency in Plaintiff's responses and participated in two depositions.[1]

**Prevailing Party**

After almost a year-and-a-half of litigation, Plaintiff accepted a Rule 68 for $10,001.00, "plus reasonable attorneys' fees and costs." See Offer of Judgment, attached as Exhibit 1 to Marinelli Decl. Plaintiff is therefore entitled to attorneys' fees and costs of the litigation under 42 U.S.C. §1988 and Rule 54(d) of the Federal Rules of Civil Procedure. See Hensley v. Eckhart, 461 U.S. 424, 429 (1983). Moreover, in securing a Judgment in a police misconduct case, Plaintiff has contributed value to the

---

[1] One of these depositions occurred after Defendants served Federal Rules of Civil Procedure Rule 68 Offer of Judgment ("Rule 68").

public in deterring such conduct in the future. See City of Riverside v. Rivera, 477 U.S. 561, 575 (1986).

## THE COURSE OF THE LITIGATION

1) Investigation

Mr. Marinelli began counseling Plaintiff immediately after the incident. In doing so he reviewed Plaintiff's criminal court paperwork and consulted with Plaintiff's criminal lawyer. Moreover, counsel investigated Plaintiff's background by speaking with Plaintiff's associates and family. The purpose for this investigation was that Mr. Cummins was interested in pursuing a civil case for the injuries he sustained at the hands of the officers. It was necessary to perform this work given the fact that Mr. Cummins was claiming physical injuries.

2) Discovery

Paper discovery involved numerous discovery requests[2] and responses. Issues arose *inter alia* concerning each parties' productions that led to numerous letters and emails between the parties and three separate motions to compel the production of documents. Moreover, Plaintiff alleged two instances of excessive force, each at a separate time and location and involving different sets of officers. The second of these allegations involved the improper use of a Taser while Plaintiff was handcuffed. To prosecute Mr. Cummins' case, Plaintiff's counsel was required to learn the NYPD's rules and protocols regarding the use of this device.

---

[2] Plaintiff made sets of discovery demands and defendants also made a set of requests.

3

# ARGUMENT

### 1) Plaintiff is a Prevailing Party Entitled to Costs, Including Reasonable Attorneys' Fees and the Instant Fee Application

42 U.S.C. §1988 provides that "[i]n any action or proceeding to enforce a provision of section …1983 [of this title]…the court, in its discretion, may allow the prevailing party … a reasonable attorneys fee as part of the costs." While the statute invokes the court's discretion, there is a presumption that prevailing civil rights plaintiffs should recover reasonable attorneys' fees, unless special circumstances would render such an award unjust. See Hensley, 461 U.S. at 429. A plaintiff is considered the "prevailing party" if [s]he "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Id. at 433.

Here, Mr. Cummins unquestionably meets that standard, as he obtained a Judgment in his favor for $10,001.00. Moreover, the City's Rule 68 offer of Judgment explicitly states that Plaintiff is entitled to reasonable attorneys' fees. See Offer of Judgment, attached as Exhibit 1 .

### 2) The "Lodestar" Method of Determine a Reasonable Fee

The Supreme Court noted that Section 1988 "does not explain what Congress meant by a 'reasonable' fee, and therefore the task of identifying an appropriate methodology for determining a reasonable fee was left for the courts." The Supreme Court adopted the "lodestar method" and stated "[t]he most useful starting point to

determine the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the lawyer's services." Hensley, 461 U.S. at 37; Luciano v. Osten Corp., 109 F3d 111 (2d Cir. 1997). With respect to determining the reasonable hourly rate, "the lodestar looks to the prevailing market rates in the relevant community." Perdue v. Kenny A, 45 U.S., 130 S.Ct 1662 (2010) at 1672 (quoting Blum v. Stencon, 465 U.S. 886, 895 (1984)).

The clients that Mr. Marinelli and others practicing in the field of civil rights can only afford an attorney on a contingency basis. See Declaration of Robert Marinelli ("Marinelli Decl."), . ¶ 14. Mr. Marinelli receives no retainer nor any compensation from his clients towards his litigation expenses. Id. Because the chance of losing a police misconduct case is high, civil rights attorneys like myself count on a full "lodestar" recovery if we prevail. I bear all the costs of litigation while the case is pending and have always released the client from any obligation to pay expenses that have been advanced if there is no recovery. Id.

**3) The Hourly Rates Requested are Reasonable**

As an initial matter, it should be noted that in determining the prevailing rate the Court should consider that "current rates, rather than historical rates, should be applied in order to compensate for the delay in payment." A.R. v NYC Dep't of Education, 407 F.3d 65, 83 (2d Cir. 2005). This is an important point, as a decision on

5

this current application will not come until at least two years after the case was filed. Most attorneys do not wait two years for their paychecks.

### a) Mr. Marinelli's Hourly Rate

Mr. Marinelli's requested hourly rate of $425.00 is reasonable. Mr. Marinelli has been admitted to practice law in the State of New York since 1993 and possesses a considerable amount of experience in the litigation of Section 1983 actions against NYPD involving claims for false arrest, malicious prosecution and excessive force. Since 2008, Mr. Marinelli has litigated over 500 Section 1983 actions in Federal Court in the EDNY and SDNY – all involving claims against NYPD for, inter alia, false arrest, malicious precaution, and excessive force. See Marinelli Decl. ¶ **3-11.**

While, the majority of Mr. Marinelli's cases have settled with the parties agreeing on terms, Mr. Marinelli, along with co-counsels, has tried four Section 1983 matters. In addition to his extensive experience in civil rights litigation, Mr. Marinelli has substantial experience in criminal law, having represented hundreds of clients and tried over 20 cases to verdict. Additionally, Mr. Marinelli has perfected scores of appeals in the Appellate Divisions of this state. See Marinelli Decl. ¶ **12–13.**

In light of this background, Mr. Marinelli's request for an hourly rate of $425.00 is reasonable and in line with a partner in a small law firm with over twenty years of experience. See Artemide Inc. v. Spero Elec. Corp., 2010 U.S. Dist. LEXIS 136870, 2010 WL 5452075 (EDNY. Nov. 23, 2010). "Current prevailing rates for partners in the Eastern District range form $350.00 to $450.00, Blount v. City of New

6

York, 11-CV-0124 (BMC), 2011 WL8174137 (E.D.N.Y. Aug. 11, 2011) (awarding a $425 hourly rate to an attorney with an office in Brooklyn with over fifteen years of experience who has appeared in over 150 federal lawsuits); Andrews v. City of New York, No. 14-CV-4845, 2015 WL 2237060 (E.D.N.Y, May 12, 2015) (awarding a fee of $425 to a solo practitioner in Brooklyn with experience in approximately 650 Section 1983 cases); Thorsen v. County of Nassau, No. 03 CV 1022, 2011 WL 1004862, at *5 (E.D.N.Y. Mar. 17, 2011) (finding $450 to be a reasonable rate for a partner with an office in Nassau County) (collecting cases).

### b) Mr. Saleem's Hourly Rate

Mr. Saleem requested an hourly rate of $450 per hour. While admittedly, Mr. Saleem has been practicing for less time than Mr. Marinelli, he is requesting a higher hourly rate. The reason for this is because Mr. Saleem worked in the Special Federal Litigation Division of the Office of the Corporation Counsel, the unit responsible for handing Section 1983 actions brought against police and corrections officers in federal court. See Declaration of Afsaan Saleem ("Saleem Decl.") ¶ 6. He worked in that office for four years after spending the first five years defending the City in personal injury and police assault cases brought in state court. Id. at ¶¶ 4-6. Because Mr. Saleem had acquired extensive trial experience in state court, he was immediately assigned to handle several complicated trials to handle in federal court. Id. at ¶ 7. Specifically, he was one of the lead attorneys chosen to defend the City in a preliminary hearing regarding the second McBean class action lawsuit. Id. at ¶ 6.

Mr. Saleem left the Corporation Counsel's office to start a plaintiff's civil rights law firm with a colleague from the Law Department. Id. at ¶ 13. During his two and a half years as a partner in that law firm, Mr. Saleem handled hundreds of cases and took several cases to trial. Id. In 2012, the last time, Mr. Saleem's rate was set, Magistrate Go awarded him a rate of $350/hour. See Fryar v. City of New York, 10 CV 5789 (TLM)(MDG), (E.D.N.Y., Aug. 22, 2012) (Report and Recommendation).

Since that time, Mr. Saleem has handled numerous other cases and was recruited back to work for The Rameau Law Firm based upon recommendations Ms. Rameau received from colleagues practicing in this field. See Saleem Decl. ¶ 15. Similarly, Mr. Marinelli brought Mr. Saleem on board because of Mr. Saleem's knowledge and expertise. Id. at 16. Accordingly, these factors serve to justify Mr. Saleem's requested rate of $450/hour.

**4) The Time Expended By Plaintiff's Counsel Was Reasonable**

The Supreme Court has noted that a reasonable hourly fee will normally encompass all hours reasonable expended in this litigation. Hensley, 461 U.S. at 435. A party seeking fees bears the burden of supporting its claims of hours expended by accurate, detailed and contemporaneous time records. See New York State Ass'ssn for Retarded Children v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). Here, Mr. Marinelli and Mr. Saleem submit detailed, accurate and contemporaneous time records. See Attorneys Fees & Costs in Cummins v. City of New York et al., attached as Exhibit B to Marinelli Decl. It bears noting that while Mr. Marinelli and Mr. Saleem

8

both worked on the case, they did so to divide the work and not to duplicate it. This is evidenced by the fact that only one of the attorneys attended court conferences and participated in phone calls with defense counsel. The fact that there were phone calls and emails between Plaintiff's counsel is not indicative of duplication of work. It is normal within a firm for attorneys to confer about case strategy and other discovery related matters. In this same vein, it was reasonable for Mr. Marinelli, a solo practitioner to bring on and consult with Mr. Saleem as they two of them determined what the best courses of action to take in the prosecution of Mr. Cummins' case.

The records detail the activities and work performed by Mr. Marinelli in this matter which total 63.45 hours. See Marinelli Bill, Ex. 3. At an hourly rate of $425.00, Plaintiff is requesting $26,698.75 for his work. Id. Mr. Marinelli also expended 12.2 hours on the instant motion and requests $5,185.00 for this work. Id. In total, Mr. Marinelli requests $31,883.75 for his work in this matter. Id. Mr. Saleem performed 42.2 hours at an hourly rate of $450.00, and requests $18,472.50 for his work. See Saleem Decl., Ex 1. Mr. Saleem also expended 5.5 hours on the instant motion and requests $2,475.00 for this work. Id. In total, Mr. Saleem requests $20,947.50 for his work on this matter. Id.

Defendants vigorously fought the majority of Plaintiff's discovery requests and aggressively pursued documents and information. While Defendants' zealous advocacy is admirable, they cannot be surprised that Plaintiff has spent considerable time in the sixteen months he prosecuted this matter. Mr. Marinelli and Mr. Saleem's

9

work was necessary and imperative. Therefore, defendants are entirely responsible for the number of hours expended in this case.

The attorneys' fees sought in this application include the time spent preparing the instant fee application. It is well settled that attorneys should be compensated for "time reasonably spent by plaintiff's attorneys in establishing their fee pursuant to fee-shifting statures, such as §1988." Davis v. City of New Rochelle, 156 F.D.R. 549, 560 (S.D.N.Y. 1994) (quoting Gagne v. Maher, 594 F.2d 336, 344 (2d Cir. 1979), aff'd, 448 U.S. 122(1980)); Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183-84 (2d Cir. 1996); New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). The time submitted for preparing this fee application is 10.2 hours, which is approximately 9% of the total time claimed for work on this case. "The Second Circuit has upheld fee awards where the time spent on the fee application was up to 24% of the total time claimed…[and] other courts within this Circuit have awarded fee application awards in the range of 8 to 24 percent of the total time claimed." Natural Resources Defense Counsel, Inc. v Fox, 129 F. Supp. 2d 666, 675 (SDNY 2001) (quoting Davis, 156 F.R.D. 549, 561 (SDNY 1994)); see Trichilo v. Secretary of Health and Human Services, 823 F.2d 702 (2d Cir. 1987), reaff'd and extended, 832 F.2d 743 (2d Cir. 1987) (approved fee application constituting 24% of total time claimed).

### 5) Plaintiff is Entitled to Recover Reasonable Out-of-Pocket Expenses

Pursuant to 42 U.S.C. §1988 and Federal Rule of Civil Procedure 54(d), Plaintiff seeks an award of reasonable out-of-pocket expenses in this case. As a prevailing party, Plaintiff is entitled to recover such expenses incurred during the litigation that would normally be charged to a fee-paying client. The non-taxable expenses of this litigation are attached to the Marinelli Decl. as Exhibit 2. These expenses are of the type routinely billed by attorneys to fee-paying clients and were actual and necessary costs incurred to prosecute the case. See, e.g., LeBlanc-Sternberg, 143 F.3d 748, 763 (2d Cir. 1998); U.S. Football League v. National Football League, 887 F.2d 408, 416 (2d Cir. 1989). The total nontaxable out-of-pocket expenses incurred by Plaintiff is $550.00.

## **CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that this Court award a total of $53,381.25 as attorneys' fees and costs to plaintiff as a prevailing party in this litigation, in the following amounts: a) Attorneys' fees to Robert Marinelli at the rate of $425 per hour for 75.65 hours spent on this litigation through the date of this application for a total of $31,883.75; b) Attorneys' fees to Afsaan Saleem at the rate of $450 per hour for 47.7 hours spent on this litigation through the date of this application for a total of $20,947.50, d) Reasonable costs and expenses in the amount of $550; and e) Such other costs and expenses as may be incurred hereafter.

Dated:	August 15, 2016
	New York, New York

	/s
	ROBERT MARINELLI, ESQ.
	305 Broadway, Suite 1001
	New York, New York 10007
	(212) 822-1427