**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x

TYLER CUMMINS,

                            Plaintiff,

                -against-                    15 CV 96 (BMC)(PK)

CITY OF NEW YORK, et al.,

                            Defendants.

------------------------------------------------------------ x

### DECLARATION OF ROBERT MARINELLI IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

ROBERT MARINELLI declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, as follows:

1. I annex hereto as Exhibit "1" the defendants' Rule 68 Offer of Judgment.

2. I annex hereto as Exhibit "2" the bill for my costs on the case.

3. I annex hereto as Exhibit "3" my time records and bill for my time on the case.

4. I operate a small law firm in Downtown Manhattan and generally employ one associate and one paralegal. I submit this declaration in support of plaintiff's motion for legal fees, costs and expenses, pursuant to Fed. R. Civ. P. 54 and in accordance with the terms of the judgment that was entered in favor of plaintiff against the City of New York, on June 27, 2016, and the Offer of Judgment made by the defendant City of New York, docketed with the Court on June 17, 2016.

5. I, along with Afsaan Saleem are co-counsel in this matter. As discussed herein, plaintiff is requesting $425. This figure is based on the undersigned having expended more than 75.65 hours, at an hourly rate of $425 resulting in a fee of $31,883.75. Mr. Saleem is submitting

his own declaration for his hours expended and fees incurred. In addition, I seek $550 in costs and expenses. The basis for these figures is set out below.

**<u>Counsel's Background and Rate</u>**

6. I attended Brooklyn Law School, graduating in May 1992. I was admitted to practice law in the State of New York in 1993 and Southern and Eastern Districts in 2001. I have an extensive background in the area of civil rights law.

7. From the years 1998 through 2008, for the most part, I represented indigent clients in various New York State criminal and family courts. Initially as a lawyer with the Legal Aid Society of Orange County, and thereafter as part of a small partnership with Richard Cardinale and Michael Hueston[1]. During this partnership I also actively participated in scores of civil rights matters.

8. I have tried over 20 criminal cases to verdict and have perfected scores of appeals to New York State Appellate Courts.

9. Since starting my own practice in 2008 I have prosecuted over 500 § 1983 cases, in the Eastern District and Southern Districts of New York.

10. From the filing of this matter in January 2015 through November 2015 I was the sole attorney. In November 2015, Afsaan Saleem, Esq. joined me as co-counsel.

11. Though Mr. Saleem and I acted as co-counsel, we did not perform unnecessary or duplicative tasks, such as having two attorneys attend court conferences, participate in phone calls with defense counsel or defend depositions.

12. Though there were emails and phone calls between co-counsels, this is not an indication of duplicative work. It is normal for attorneys working on in tandem to confer about case strategy and discovery matters.

---

[1] Mr. Hueston left the partnership in 2007.

3

### The Requested Hourly Rate of $425 Is Reasonable

13. On behalf of the plaintiff, I am seeking to recover attorney's fees at the hourly rate of $425 for my work in this matter. In making this request, I have assessed the rates of other attorneys like myself who have been practicing a similar period of time and who have attained a similar level of expertise.

11. I have handled over 500 cases involving claims of police misconduct that ended in favorable settlements for my clients. As discussed in the accompanying memorandum of law, an hourly rate of $425 is reasonable for an attorney with over twenty years of experience and eight years of specialized litigation in police misconduct matters. [2]

12. While the majority of the Section 1983 cases have handled have settled with the parties agreeing on term, I have, along with co-counsels, tried four Section 1983 cases.

13. I have extensive experience in criminal law, having represented hundreds of individuals facing felony charges and trying over 20 cases to verdict. Additionally, I have perfected scores of appeals in the Appellate Divisions of the State of New York.

14. The clients that I represent in civil rights cases typically can only afford to retain an attorney on a contingency basis, and all of my cases are handled that way. I do not receive an initial retainer fee from any of my clients, nor do any of them make even a token contribution to litigation expenses. I am compensated based upon a percentage of any judgment or settlement, or through § 1988 fee awards or settlements.

---

[2] This is in addition to my active participation in scores of police misconduct cases while in partnership with Richard Cardinale and Michael Hueston.

15. Because the chance of losing a police misconduct case is high, I and other civil rights lawyers in New York, depend on the availability of a full "lodestar" recovery if we do prevail. See Perdue v. Kenny A., 130 S.Ct. 1662 (2010)("the 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence.").

16. I bear all the costs of litigation while the case is pending and I have always released the client from any obligation to pay expenses that have been advanced if there is no recovery.

Hours Expended on This Matter

17. A party seeking fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. See New York State Ass'n for Mentally Retarded Children v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). Annexed as Exhibit C to this declaration are detailed and contemporaneous time records. The records are sufficiently specific and detailed so that the Court can determine the nature of the work performed in the successful prosecution of this case.

18. Based upon the attached time records, I have incurred $26,698.75 in attorney's fees on plaintiff's behalf for the work I performed as of the date of the entry of Judgment, which represents 63.45 hours at an hourly rate of $425 for legal work.

19. I have also incurred $5,185.00 in attorney's fees for the work I performed on this fee application, which represents 12.2 hours at an hourly rate of $425.

20. The fees and costs set forth herein do not include any further work which may be necessary on this motion (such as a Reply to the defendants' Opposition), or work to be performed by me in response to the Court's actions with respect to this fee application, including

any appeal the parties may take. If warranted, plaintiff will supplement his request for fees and costs to reflect all work done on this matter from this point forward.

### Conclusion

21. In sum, all of the time I expended was reasonable and necessary to properly represent plaintiff. On his behalf, I submit that I should be awarded costs and attorneys' fees totaling $31,883.75 for the work I performed on his behalf; as well as $550 in costs.

Dated: New York, New York
       August 15, 2016

                                            ___/s_____
                                              Robert Marinelli