Index No.: 15-CV-00096 (NG)(PK)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Tyler Cummins,

                                              Plaintiff,

-against-

CITY OF NEW YORK; Police Officer STEVEN ACEVEDO, Shield No. 16469, Police Officer JAMES BERK, Shield No. 2974, and Sergeant RAJINDER SINGH, Shield No. 4527, JOHN and JANE DOE 1-10; individually and in their official capacities,

                                              Defendants.

**DEFENDANTS CITY, ACEVEDO, BERK, AND SINGH MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City,*
*Acevedo, Berk, and Singh*
*100 Church Street, Room 3-218*
*New York, N.Y. 10007*

*Of Counsel: Daniel M. Braun*
*Tel: (212) 356-3548*
*Matter No. 2015-001067*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT

    POINT I

        PLAINTIFF'S REQUESTED HOURLY RATE IS TOO HIGH ................................................................................................. 1

        A.    The Specifics Of This Case Support an Hourly Rate no higher than $350 for Mr. Saleem and no higher than $325 for Mr. Marinelli .......................................................................... 5

    POINT II

        THE HOURS REQUESTED ARE INCORRECTLY CALCULATED ........................................................... 5

CONCLUSION ....................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                     **Pages**

Builders Bank v. Rockaway Equities, LLC,
   No. 08-CV-3575 (MDG), 2011 U.S. Dist. LEXIS 107409 (E.D.N.Y. 2011)........................... 7

Brown v. Starrett City Assocs.,
   No. 09-CV-3282, 2011 U.S. Dist. LEXIS 124480,
   2011 WL 5118438 (E.D.N.Y. Oct. 27, 2011)..................................................................................2

Carrero v. N.Y.C. Hous. Auth.,
   685 F. Supp. 904 (S.D.N.Y. 1988)................................................................................................7

Dotson v. City of Syracuse,
   2011 WL 817499 (N.D.N.Y. Mar. 2, 2011) ..................................................................................7

Finch v. New York State Office of Children and Family Servs.,
   2012 WL 695419 (S.D.N.Y. Mar. 5, 2012) ..................................................................................1

Fryar v. City of New York,
   2012 U.S. Dist. LEXIS 190030 (E.D.N.Y. Aug. 22, 2012)......................................2, 4, 5, 7, 8

GuideOne Specialty Mut. Ins. Co. v. Congregation Adas Yereim,
   No. 04-cv-5300, 2009 U.S. Dist. LEXIS 91031, 2009 WL 3241757
   (E.D.N.Y. Sept. 30, 2009)..............................................................................................................2

Luca v. County of Nassau,
   698 F.Supp.2d 296 (E.D.N.Y. 2010) ....................................................................................... 2-3

Olsen v. County of Nassau,
   No. CV 05-3623, 2010 U.S. Dist. LEXIS 5915,
   2010 WL 376642 (E.D.N.Y. Jan. 26, 2010) ................................................................................2

Rodriguez v. Queens Convenience Deli Corp.,
   No. 09-cv-1089, 2011 U.S. Dist. LEXIS 120478, 2011 WL 4962397
   (E.D.N.Y. Oct. 18, 2011) ..............................................................................................................2

Rozell v. Ross-Holst,
   576 F. Supp. 2d 527 (S.D.N.Y. 2008)..........................................................................................7

Shabazz v. City of New York,
   2015 U.S. Dist. LEXIS 161728, 2015 WL 7779267 (S.D.N.Y. Dec. 2, 2015) .........................2

Townes v. City of New York,
   2013 U.S. Dist. LEXIS 6000 (E.D.N.Y. Jan. 14, 2013) ........................................................2, 3

**Cases**                                                                                                              **Pages**

Wong v. Yoo,
   No. 04-cv-4569, 2010 U.S. Dist. LEXIS 111142, 2010 WL 4137532
   (E.D.N.Y. Oct. 19, 2010) ................................................................................................... 3

| **Statutes** | **Pages** |
|---|---|
| Rule 68 | 1 |
| §1983 | 2, 3, 4, 8 |

**PRELIMINARY STATEMENT**

Plaintiff commenced this action against defendants City of New York, P.O. Steven Acevedo, P.O. James Berk, and Sgt. Rajinder Singh, alleging false arrest, failure to intervene, unreasonable force, denial of constitutional right to fair trial, malicious abuse of process, and municipal liability.  (Complaint, Docket Entry No. 1).  On June 17, 2016, Plaintiff accepted a Rule 68 Offer of Judgment for $10,001, plus reasonable attorneys' fees, expenses and costs to the date of this offer for plaintiff's federal claims (Rule 68 Offer of Judgment, Docket Entry No. 20-1).

Plaintiff moved for fees by motion dated August 15, 2016 (Motion for Attorney Fees, Docket Entry No. 23).  Defendants submit this memorandum of law in opposition to the attorneys' fee motion because:  (1) Plaintiff's requested hourly rate is too high; and, (2) there should be a deduction in the number of hours to account for excessive billing.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S REQUESTED HOURLY RATE IS TOO HIGH**

Plaintiff requests an hourly rate of $425 for Mr. Robert Marinelli and $450 for Mr. Afsaan Saleem on this case.  These rates are excessive.  "The high end of rates for civil rights attorneys is ordinarily about $400 per hour and is rarely above that rate except for counsel with significantly more than a decade of litigation experience in 'unusually difficult and complex cases.'  Finch v. New York State Office of Children and Family Servs., 2012 WL 695419, at *4-*5 (S.D.N.Y. Mar. 5, 2012) (ultimately awarding $450 for solo practitioner with 42 years of relevant experience).  FN 7 Although Finch involved rates for the Southern District of New York, courts have recognized that the prevailing market rates for the Eastern District are not

higher. See Simmons, 574 F.3d at 177 (noting that 'competent counsel in the Eastern District would produce [a comparable result] for less… money" than Southern District counsel)." Fryar v. City of New York, 2012 U.S. Dist. LEXIS 190030 (E.D.N.Y. Aug. 22, 2012). See also Shabazz v. City of New York, 2015 U.S. Dist. LEXIS 161728, 2015 WL 7779267 (S.D.N.Y. Dec. 2, 2015), a Southern District case in which the Court approved an hourly rate of only $350 for Mr. Saleem's former law partner, namely, Ms. Baree Fett – who has *more* years of experience than him. To be sure, there is nothing that is especially difficult or complex about the present case. The requested rates are simply too high as they exceed an hourly rate that a reasonable paying client would pay Mr. Saleem and Mr. Marinelli for their work on this case.

In a thorough and well-reasoned decision issued on August 22, 2012, Magistrate Judge Go awarded Mr. Saleem a rate of $350 per hour for work that he did on a §1983 case concerning false arrest, use of unreasonable force, failure to intervene, First Amendment retaliation denial of a fair trial, and municipal liability, as well as state law claims for assault, battery, false arrest, and false imprisonment. Fryar v. City of New York, 2012 U.S. Dist. LEXIS 190030 (E.D.N.Y. Aug. 22, 2012). In a 2013 decision, Townes v. City of New York, 2013 U.S. Dist. LEXIS 6000 (E.D.N.Y. Jan. 14, 2013). Judge Cogan noted:

> The hourly rate that **[*5]** courts in this district have awarded partners and solo practitioners have most often been in the range of $300 per hour. See e.g., Brown v. Starrett City Assocs., No. 09-CV-3282, 2011 U.S. Dist. LEXIS 124480, 2011 WL 5118438 (E.D.N.Y. Oct. 27, 2011) (recommending, in a civil rights case, an award of $300 per hour to counsel with 12 years' litigation experience); Rodriguez v. Queens Convenience Deli Corp., No. 09-cv-1089, 2011 U.S. Dist. LEXIS 120478, 2011 WL 4962397 (E.D.N.Y. Oct. 18, 2011) (awarding a solo practitioner with nine years of experience an hourly rate of $300); GuideOne Specialty Mut. Ins. Co. v. Congregation Adas Yereim, No. 04-cv-5300, 2009 U.S. Dist. LEXIS 91031, 2009 WL 3241757 (E.D.N.Y. Sept. 30, 2009). Attorneys with extensive experience have been awarded rates ranging from $300 to $400 per hour. See e.g., Olsen v.

2

>County of Nassau, No. CV 05-3623, 2010 U.S. Dist. LEXIS 5915, 2010 WL 376642 (E.D.N.Y. Jan. 26, 2010) (awarding $375 hourly rate for partner with 14 years of experience in civil rights and employment discrimination cases); Luca v. County of Nassau, 698 F.Supp.2d 296 (E.D.N.Y. 2010) (awarding $400 hourly rate to partner with over 25 years of experience in civil rights cases and recognized as an authority in his specialty); Wong v. Yoo, No. 04-cv-4569, 2010 U.S. Dist. LEXIS 111142, 2010 WL 4137532 (E.D.N.Y. Oct. 19, 2010) [*6] (awarding an hourly rate of $375 to solo practitioner with over 30 years of experience, who successfully represented client in civil rights case that was pending for over six years). Townes v. City of New York, 2013 U.S. Dist. LEXIS 6000, 4-6 (E.D.N.Y. Jan. 14, 2013)

Although Mr. Saleem's rates might have, in theory, increased since August 2012, it cannot be justified that he be awarded an hourly rate of $450. As noted, recently, in December 2015, Mr. Saleem's former law partners were awarded an hourly rate of $350 in the Southern District of New York. Shabazz v. City of New York, 2015 U.S. Dist. LEXIS 161728, 2015 WL 7779267 (S.D.N.Y. Dec. 2, 2015).

Looked at another way, Mr. Saleem seeks an increase of about 7.1% for a single year of experience ($25/$350 = ~.071).[1] In contrast, according to the U.S. Department of Labor statistics, the [t]otal compensation costs for private industry workers increased 1.5 percent in the New York… metropolitan area for the year ended in June 2016…"[2] Thus, compared to the 1.5% increase that the average New Yorker saw in their pay per annum, plaintiff's counsel seeks an increase of about 7.1% per annum. Indeed, a reasonable paying client willing to pay $450 per

---

[1] Here, we are arriving at an annual increase of Mr. Saleem's hourly rate by about 7.1% because the difference between the hourly rate that Judge Go set for Mr. Saleem in August 2012 and the rate that Mr. Saleem now seeks, 4 years later, is $100 per hour. This translates into Mr. Saleem increasing his hourly rates in the Eastern District by $25 per year.

[2] Changing Compensation Costs in the New York Metropolitan Area – June 2016, http://www.bls.gov/regions/new-york-new-jersey/news-release/EmploymentCostIndex_NewYorkArea.htm, last visited September 9, 2016.

3

hour "could retain the services of attorneys with considerably greater experience." Fryar, Slip Op. at 22.

Moreover, despite the relative simplicity of this case and the virtually non-existent burden of production bore by plaintiff in this matter, *both* Mr. Saleem and Mr. Marinelli failed to appear for the Court's status conference held on February 11, 2016, and yet both submit they are entitled to hourly rates of well over $400 for, for instance, conferring between themselves about failing to appear for Court (See Docket Nos. 25-3 and 26-1).

For similar reasons, Mr. Marinelli's rate of $425 per hour is far too high. As evidenced by Mr. Marinelli's Declaration (Docket No. 25) and Plaintiff's Memorandum of Law in Support of His Motion for Attorney's Fees and Costs (Docket No. 24), Mr. Marinelli has virtually zero federal civil trial experience. Indeed, despite his years of practice, he apparently needed to enlist the assistance of Co-Counsel Saleem on the instant "garden variety" matter and have Mr. Saleem take or defend each of the depositions in this case. Indeed, even plaintiff's miniscule production of *three pages* was made by Mr. Saleem. No reasonable paying client would pay $450/hour for Mr. Saleem *plus* $425/hour – for a combined total of $875/hour – on a matter such as this. Indeed, a reasonable paying client willing to pay $875 per hour, or even $425 per hour "could retain the services of attorneys with considerably greater experience." Fryar, Slip Op. at 22. Defendants respectfully submit that Mr. Marinelli's year of Bar admission is evidently not indicative of his level of experience. Mr. Saleem was admitted to the Bar more recently that Mr. Marinelli, and yet appears to have a higher level of practice experience. Indeed, in Plaintiff's Memorandum of Law in Support of his Motion for Attorney's Fees and Costs – which was electronically signed by Mr. Marinelli – Mr. Marinelli seeks a lower hourly rate than Mr. Saleem.

4

Given that, as detailed *supra,* the present facts and circumstances of this case favor setting Mr. Saleem's hourly rate at $350, similar factors suggest that Mr. Marinelli's hourly rate should be set no higher than $325.

**A.    The Specifics Of This Case Support an Hourly Rate no higher than $350 for Mr. Saleem and no higher than $325 for Mr. Marinelli**

Plaintiff settled all his claims prior to the close of discovery. As noted, document discovery was not voluminous in this case, and plaintiff merely produced some three pages of documents. A review of the detailed time report shows that very little time and labor was required by plaintiff for this case. Although plaintiff claims to have made three motions to compel, this is because of the erroneous entry at Docket No. 18 entitled, "Third Motion to Compel", even though that was actually plaintiff's first motion to the Court. Plaintiff had sent defendants a number of copy-and-paste style deficiency letters, functioning as a make-work project for the City and resulting in responding to plaintiff that, had plaintiff properly and thoroughly reviewed defendants' production, plaintiff would have noticed that several of the requested documents had been previously produced and that sending a deficiency letter for such items was unnecessary. The entries in this case suggest this was a simple, run of the mill case, with no significant complicating factors.

## POINT II

### THE HOURS REQUESTED ARE INCORRECTLY CALCULATED

To begin, Mr. Saleem and Mr. Marinelli should not be compensated for conferring between themselves and communicating with the Court regarding the February 11, 2016 Status Conference that they missed. Similar to the principle which holds that counsel may not recover fees for motions that were unreasonable or had little chance of success because a reasonable paying client may reject bills for time spent on entirely fruitless strategies (See Fryar

5

v. City of New York, 2012 U.S. Dist. LEXIS 190030 (E.D.N.Y. Aug. 22, 2012), citing Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 538 (S.D.N.Y. 2008)), it should be obvious that a reasonable paying client may reject bills associated with his attorneys missing a Court conference – assuming, of course, that any attorney would bill a client because the *attorney* missed Court.[3]

Additionally, Mr. Saleem's and Mr. Marinelli's invoices contain entries that are excessive and/or duplicative. Courts generally consider time spent on conferences between counsel to be excessive. See Fryar v. City of New York, 2012 U.S. Dist. LEXIS 190030 (E.D.N.Y. Aug. 22, 2012), citing Dotson v. City of Syracuse, 2011 WL 817499 at *25 (N.D.N.Y. Mar. 2, 2011) and Rozell v. Ross-Holst, 576 F. Supp. 2d at 541 (S.D.N.Y. 2008)). Both Mr. Saleem's and Mr. Marinelli's invoices are riddled with dozens of entries billing for emails from and conferrals with each other in this relatively simple case.

Moreover, Mr. Marinelli's invoice bills at a $425 per hour rate for ministerial tasks, such as preparing a retainer and a 160.50 authorization, preparing a summons and civil cover sheet, and preparing documents for the process server (see for example Docket No. 25-3 at page 1 of 3). Such tasks should have been billed at a paralegal rate. Fryar v. City of New York, 2012 U.S. Dist. LEXIS 190030 (E.D.N.Y. Aug. 22, 2012). It is also problematic that Mr. Marinelli billed excessive amounts of time for such ministerial tasks, such as claiming to have spent 0.7 hours – *over 40 minutes* – to prepare a summons and civil cover sheet. Id.

Unfortunately, Mr. Marinelli does not only claim to have spent what are excessive amounts of time on ministerial tasks. He, for instance, claims to have spent 2.1 hours drafting,

---

[3] To be sure, this analysis pertains to situations similar to the one in the present case, in which plaintiff's counsel apparently missed a Court conference not due to any emergency, but rather mere error.

6

reviewing, and finalizing plaintiff's complaint. Id. This is despite the reality that the relatively customized portion of the Complaint was a mere 18 paragraphs, and the rest of it appears to have been a copy-and-paste / fill-in-the-blank task based upon one of the over 500 other Section 1983 cases he prosecuted since 2008.[4] Regrettably, there appears to be a pattern of inflating hours, and defendants respectfully submit that it is objectively difficult to understand how a reasonable attorney, particularly one with the level of experience that Mr. Marinelli claims to possess, could spend nearly a full hour preparing initial disclosures (that contained no documents) and boilerplate discovery demands (Id.), over four hours reviewing and annotating discovery responses in a case with a record as small as this one (Id.), and spending nearly two hours "*Review[ing]* NYPD procedures regarding CED's, P.G. 112-117" (Id. at page 3 of 3, emphasis added).

        Fortunately, the Court need not review each entry in plaintiff's submitted Invoice. Given the issues evident from a cursory review, it is appropriate for the Court to apply an across-the-board reduction to the claimed bill. See Builders Bank v. Rockaway Equities, LLC, No. 08-CV-3575 (MDG), 2011 U.S. Dist. LEXIS 107409, at *28-29 (E.D.N.Y. Sept. 23, 2011) ("Courts in this Circuit are permitted to reduce an excessive fee request by making an across-the-board percentage for redundant or otherwise unnecessary hours.") (citing Kirsch, 148 F.3d at 173 (court should "deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application"); Carrero v. N.Y.C. Hous. Auth., 685 F. Supp. 904, 908 (S.D.N.Y. 1988) (stating reductions will be made "where the attorneys essentially duplicated each other's efforts"), aff'd, 890 F.2d 569 (2d Cir. 1989)).

---

[4] Mr. Marinelli states in his Declaration that he has prosecuted over 500 §1983 cases since starting his own practice in 2008. Docket No. 25 at page 3 of 6.

7

Finally, defendants respectfully submit that the fees that plaintiff seeks to recover for Plaintiff's Memorandum of Law in Support of His Motion for Attorney's Fees and Costs should, in this case, be disregarded. The reason is that plaintiff failed to properly meet and confer prior to filing their submissions for the Court. Following defendants' last offer to resolve fees, plaintiff's counsel opted to simply file his motion rather than properly confer. Regrettably, such an action clearly appears to be congruent with an effort to further inflate their invoices on this matter.

For the reasons stated herein, defendants respectfully submit that the above-referenced improper billing (billing for missing a court conference, and billing that is duplicative and/or excessive) result in an adjustment on the total number of hours billed by counsel, and that ministerial tasks be billed at a paralegal rate. Moreover, defendants respectfully submit that the remaining entries for attorney services be billed at an hourly rate no higher than $350 for Mr. Saleem and $325 for Mr. Marinelli.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for attorneys' fees and costs should be reduced both as to rates and hours as detailed herein.

Dated:   New York, New York
         September 9, 2016

                                        ZACHARY W. CARTER
                                        Corporation Counsel
                                            of the City of New York
                                        *Attorney for Defendants*
                                        100 Church Street, Room 3-218
                                        New York, New York 10007
                                        (212) 356-3548

                               By:      /s/
                                        Daniel M. Braun
                                        Senior Counsel
                                        Special Federal Litigation Division

To:    Afsaan Saleem, Esq.
        The Rameau Law Firm
        16 Court Street, Suite 2504
        Brooklyn, NY  11241
        *Attorney for Plaintiff*


        Robert Marinelli, Esq.
        305 Broadway, 9th Floor
        New York, NY  10007
        *Attorney for Plaintiff*