UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
TYLER CUMMINS,

                              Plaintiff,                           **SUPPLEMENTAL DECLARATION OF <u>AFSAAN SALEEM</u>**

                            -against-                                 15-CV-0096 (NG)(PK)

CITY OF NEW YORK, et. al.,

                            Defendant.
-------------------------------------------------------------------------------X

        AFSAAN SALEEM, an attorney admitted to practice in the State of New York, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, as follows:

        1.    I submit this Supplemental Declaration in further support of plaintiff's application for fees submitted in the above-captioned matter.

        2.    I feel compelled to correct a statement made in the defendants' opposition to plaintiff's motion that claimed that the parties did not "properly meet and confer" prior to plaintiff making this fee application. This is a fee dispute not a discovery motion where a meet and confer is required prior to seeking court intervention. Nevertheless, defendants' statement is simply not true as illustrated below.

3. According to the docket sheet, Mr. Marinelli filed the acceptance of the Rule 68 Offer of Judgment on June 17th. Thereafter, Mr. Marinelli submitted both his and my bills to the defendants on or about June 22nd.

4. The time for plaintiff to file his motion for fees was 14 days from June 17th or July 1st.

5. When defendants failed to make any offer of settlement prior to July 1st, plaintiff sought an extension of time to July 22nd to submit his motion.

6. On July 12th, having not heard anything from defendants regarding plaintiff's attorneys' fees, I emailed Mr. Braun and enquired as to the status to see if an offer would be forthcoming as the time to file our motion was approaching. Mr. Braun indicated he was preparing for a trial that was starting July 18th. Given the fact that he was not prepared to make an offer, he consented to plaintiff seeking an extension and suggested plaintiff request a two-week extension.

7. Given my pre-planned vacation out of the country, plaintiff requested until August 15th to submit the motion to which Mr. Braun consented. I also informed Mr. Braun that as I had given Mr. Marinelli authority to settle my fees on my behalf, that I was hopeful that they would resolve the issue of the fees before I returned.

8. The Court granted plaintiff's second motion to extend the plaintiff's time to file the motion to August 15th.

9. Thereafter, on August 4th, Mr. Braun left a voicemail message for Mr. Marinelli.

10. On August 8th, Mr. Marinelli emailed Mr. Braun (and cc'd myself) stating that he could not return his message earlier as he was conducting depositions. Mr. Marinelli informed Mr. Braun that any offer defendants planned to make would be more efficient if done via email given the difficulty in finding a mutually agreeable time to talk.

11. As Mr. Braun insisted on speaking via phone, he and I conferred on Wednesday, August 10th whereby defendants made their first settlement offer—over six weeks after receiving Mr. Marinelli's and my bills.

12. Mr. Braun's first offer was made three business days before plaintiff's motion was to be filed. Nevertheless within hours of speaking, plaintiff emailed Mr. Braun a counter demand on August 10th with the hope of settling the fee dispute quickly.

13. Having not gotten a response, I emailed Mr. Braun again on August 11th. I reminded him that plaintiff's motion was due on Monday, August 15th and if the case was not going to settle we would need to shift our attention to working on the motion in the few remaining days we had left.

14. Mr. Braun called me on August 11th with what he indicated was the extent of his authority. He indicated that if he had to go back for additional authority he would not be able to get back to me before Monday—the date plaintiff's motion was due. He also indicated that starting Monday he would be away for two weeks.

15. I expressed frustration with the delay in defendants making an offer. In addition, I was now being told on the eve the motion was due that the defendants could not get additional authority before the motion was due. I had indicated that plaintiff's counsel was unwilling to seek a further extension. There was never any agreement to adjourn the motion as plaintiff had given defendants ample time to settle the case.

16. Left with no other option, and having already extended plaintiff's time to file the motion twice—because defendants never made any offer—plaintiff filed his motion on August 15th.

17. Accordingly, Mr. Marinelli and myself request that we be awarded our full fees working on this motion as it was defendants' own delay inability to obtain additional settlement authority before plaintiff's deadline to file his motion that necessitated plaintiff in making this motion.

18. Defendants argue that my hourly rate should remain at $350/hour which was set almost five years ago by Magistrate Go in the Fryar decision, referenced by defendants.

4

Defendants ignore the fact that since that time I have had a few trials with their office, handled hundreds more cases and also spent time serving as the Deputy Director of the Legal Division of the New York City Department of Consumer Affairs, overseeing the work of eight junior Department attorneys—mainly based upon my prior trial and supervisory experience. Given my varied background and litigation experience, my fee should reflect the higher end of what is awarded for attorneys with my years of experience. Accordingly, I reiterate my request for a fee of $450/hour.

19. In addition to the fees requested in my original declaration and the plaintiff's motion, I am requesting to be compensated for the additional 6.5 hours I had to expend working on this declaration and reply for a grand total of 54.2 hours of work of which I am billing for 53.7 hours to reflect the 0.5 hours not being billed for the conferral after the miscalendared conference. My updated bill is annexed hereto as Exhibit 1.

DATED:   New York, New York
          September 23, 2016

                                                  AHSAAN SALEEM